MORGANTI, INC. *v.* BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.
BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. *v.* MORGANTI, INC.
(7578)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued June 13—decision released September 19, 1989

*Robert B. Shapiro,* for the appellant (defendant in the first case, plaintiff in the second case).

*David E. Rosengren,* with whom, on the brief, was *Kevin W. Gillen,* for the appellee (plaintiff in the first case, defendant in the second case).

DUPONT, C. J. In this action, Morganti, Incorporated (Morganti), applied for an order confirming an arbitration award and Boehringer Ingelheim Pharmaceuticals, Inc. (BIP), in a separate application, moved to vacate that same award.

On August 23, 1983, the parties entered into a written agreement wherein Morganti agreed, as a general contractor, to construct and renovate the research and

development facilities owned by BIP at its facility in Ridgefield. At the conclusion of the project on August 8, 1986, Morganti filed a demand for arbitration pursuant to the arbitration clause contained in that contract, § 7.9.1, which reads: "All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof . . . shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This Agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with the applicable law in any court having jurisdiction thereof."

The claim submitted to the arbitrators requested the following: "A determination of the amount due Morganti on behalf of itself and its subcontractors on the Project, including, but not limited to: (1) the contract balance; (2) extra and additional work outside the scope of the contract; (3) delays; (4) labor escalation; (5) disruption, inefficiency and loss of productivity; (6) loss of use of money; (7) interest; and (8) arbitration fees and expenses and attorney's fees."

Thereafter, BIP filed a complaint in Superior Court asking for a temporary and a permanent injunction prohibiting Morganti from proceeding to arbitrate any claims on behalf of the subcontractors. Morganti filed a motion to dismiss the action, which was granted. The court, *Thim, J.,* in its concluding paragraph, after a lengthy discussion of the applicable arbitration precedent, stated: "The contract provision at issue, 'all claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof,' is broad and all-encompassing, thus indicating the parties' intentions to submit the issue of arbitra-

bility of the dispute to the arbitrators. Accordingly, the defendant's motion to dismiss the injunction action must be granted."

BIP appealed that decision to this court, where Judge Thim's decision was upheld on a technical basis because of BIP's failure to file its brief in opposition to Morganti's motion to dismiss in a timely fashion. *Boehringer Ingelheim Pharmaceuticals, Inc.* v. *Morganti, Inc.*, 13 Conn. App. 813, 814, 537 A.2d 171 (1988).

The parties proceeded to arbitration and both parties argued and briefed the issue of whether the subcontractor claims were arbitrable. The arbitrators, in their decision dated July 1, 1987, stated: "The arbitrators on this matter, having heard the evidence and arguments of the parties, and having considered their briefs, determine that it was agreed in the construction contract between the parties that all claims of the subcontractor and the sub-subcontractors for breach of contract as well as for extra work are arbitrable in this proceeding."

After more than forty days of testimony, the arbitrators on April 27, 1988, filed their arbitration award as follows: "On the Claimant's claim, the arbitrators find in favor of the Claimant in the total amount of $1,615,527 and further find the entitlement to said sum to be" $812,250 for Morganti and the balance divided among five named subcontractors.

Thereafter, the parties filed the applications in the trial court for confirmation and vacation of the award that are the subject of this appeal. In the first count of its application to vacate, BIP claimed that the arbitrators had violated the parties' agreement to arbitrate by considering the subcontractor claims, which it claimed is contrary to Connecticut law. In the second count, BIP claimed that in making the award the arbitrators had exceeded their authority in violation

of § 52-418 (a) (4) of the General Statutes. In its reply brief in that court, BIP characterized the first count of its application to be an allegation that "the panel *procedurally* violated the parties' agreement by finding that the subcontractors' claims were arbitrable . . . ." (Emphasis added.)

The trial court, *Gormley, J.,* in a carefully constructed and well reasoned memorandum of decision, found that the decision by Judge Thim finally and conclusively left the determination of arbitrability to the arbitrators, that the doctrine of res judicata precluded further court review of that determination and that the arbitrators' determination of arbitrability did not contravene General Statutes § 52-418 or procedurally violate the parties' contract. The trial court thereafter granted Morganti's request to confirm the arbitrators' award and denied BIP's request to vacate the award. BIP subsequently filed the present appeal claiming error in the trial court's findings and conclusions of law. We find no error.

BIP first claims that the trial court erred in determining that the decision by Judge Thim finally and conclusively left the determination of arbitrability to the arbitrators and that the doctrine of res judicata precluded further court review of that determination. BIP claims that Judge Thim's opinion decided only that the initial determination as to the arbitrability of the subcontractor claims was for the arbitrators, but that the decision of the arbitrators was still ripe for review. Morganti claims that Judge Thim's opinion finally and conclusively left the determination of arbitrability to the arbitrators and that that decision, by the doctrine of res judicata, precluded further court review. We agree with Morganti's view.

"Issue preclusion or collateral estoppel can be distinguished from claim preclusion or res judicata. Issue

preclusion is the doctrine that bars the 'relitigation' of an issue of ultimate fact by the same parties upon a different cause of action. *State* v. *Aillon,* 189 Conn. 416, 424, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983). By contrast, 'under "the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." ' *State* v. *Ellis,* 197 Conn. 436, 462–63, 497 A.2d 974 (1985), quoting *State* v. *Aillon,* supra, 423–24. In *Ellis,* the court questioned the continued viability of distinguishing between claim and issue preclusion and suggested that the ultimate inquiry, as to both concepts, should be to ask whether the party had an ' "*adequate opportunity* to litigate the matter in the earlier proceeding . . . ." ' (Emphasis added.) *State* v. *Ellis,* supra, 464–65 n.22, quoting D. Currie, 'Res judiciata: The Neglected Defense,' 45 U. Chi. L. Rev. 317, 342 (1978)." *Hanstead* v. *Safeco Ins. Co. of America,* 19 Conn. App. 515, 518 n.1, 562 A.2d 1148 (1989).

There is no question that BIP had an "adequate opportunity to litigate" the question of arbitrability before Judge Thim. Moreover, BIP fails to point out that, although Judge Gormley ultimately supported Morganti's interpretation of Judge Thim's ruling in its determination that the court's ruling was res judicata, the court *did* in fact review the merits of Judge Thim's decision. Upon that review, the court likewise determined that the contract between the parties evidenced an intention to submit the issue of arbitrability to the arbitrators.

We therefore conclude that Judge Gormley did not err in determining that Judge Thim's decision finally

and conclusively left the determination of arbitrability to the arbitrators and that the doctrine of res judicata precluded him from revisiting the issue.

BIP next claims that the trial court erred in finding that the arbitrators' determination of arbitrability did not contravene General Statutes § 52-418 or procedurally violate the parties' contract. See *East Hartford* v. *East Hartford Municipal Employees Union, Inc.*, 206 Conn. 643, 648, 539 A.2d 125 (1988).

In the present case, BIP, in its motion to vacate, attempted to make the same claim with reference to the arbitrability of the subcontractor claims by claiming both a procedural violation of the parties' agreement and a violation of General Statutes § 52-418 (a) (4). We agree with the trial court that BIP's claim concerning the arbitrators' determination that the subcontractor claims were arbitrable does not constitute a procedural claim as that term has been used. See, e.g., *East Hartford* v. *East Hartford Municipal Employees Union, Inc.*, supra, 649; *O&G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3*, 203 Conn. 133, 147–48, 523 A.2d 1271 (1987); *Costello Construction Corporation* v. *Teamsters Local 559*, 167 Conn. 315, 318, 355 A.2d 279 (1974).

The next issue is whether the arbitrators' determination that the subcontractor claims were arbitrable passes scrutiny under General Statutes § 52-418 (a) (4).[1]

---

[1] "[General Statutes § ] 52-418. VACATING AWARD. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have

" 'It is axiomatic in this jurisdiction that any challenge to an award based on General Statutes § 52-418 (a) (4), on the ground that the arbitrator exceeded his powers . . . is limited to a comparison of the award with the submission.' *Wolf* v. *Gould,* [10 Conn. App. 292, 296, 522 A.2d 1240 (1987)]. Our review on appeal is limited to an examination of the submission and the award; we then determine whether the award conforms to the submission. Id." *Fraund* v. *Design Ideas, Inc.,* 17 Conn. App. 280, 284, 551 A.2d 1279 (1989).

If a submission is unrestricted, the arbitrators are not required to decide the issues according to law and the award cannot be reviewed for errors of law or fact. *Meyers* v. *Lakeridge Development Co.,* 173 Conn. 133, 135, 376 A.2d 1105 (1977). The arbitration clause in the contract constitutes the written submission to arbitration. *Vail* v. *American Way Homes, Inc.,* 181 Conn. 449, 451, 435 A.2d 993 (1980). The trial court found that the arbitration contract in this case was unrestricted. As we have frequently stated we cannot, and do not, retry the facts. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980). From a review of the arbitration award, it is clear that the award conforms to the submission and that BIP's claim that the arbitrators exceeded their powers is without merit.

There is no error.

In this opinion the other judges concurred.

---

been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."