[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is a motion for summary judgment by all defendants, except defendant Lupone. The plaintiff, Anthony Golino, filed an eleven-count complaint on January 5, 1988 against the defendants, City of New Haven, Chief of Police, William Farrell, Commander John Maher, Sergeant Robert Lillis, Detective Anthony DiLullo, Detective Leonard Pastore, Detective Mary Fish-MacDonald, and Joyce Carasone Lupone, who is the plaintiff's ex-wife. The plaintiff alleges the following facts. The police officers investigated the plaintiff in connection with the July 16, 1973 murder of Penny Serra. The plaintiff's ex-wife, Lupone, knowingly supplied false information to the police officers that implicated the plaintiff in the murder. The police officers ignored conflicting evidence and submitted false affidavits in order to obtain an arrest warrant for the plaintiff. The plaintiff was arrested for the Serra murder on July 3, 1984 and held over the holiday. On May 15, 1987, the New Haven State's Attorney's Office nolled the charges against the plaintiff on the ground that forensic evidence established that the plaintiff was not the murderer and the court dismissed the charges.
The plaintiff alleges intentional infliction of emotional distress (count one); negligent infliction of emotional distress (count two); false arrest (count three); malicious prosecution (count four); tortious interference with his business relationships (count five); tortious interference with his family relationships (count six); conspiracy to injure (count seven); invasion of privacy (count eight); defamation (count nine); negligent defamation (count ten); negligent supervision (count eleven). CT Page 4149
The plaintiff previously brought a suit in federal district court pursuant to 42 U.S.C. § 1983. Golino v. City of New Haven, No. N-99-CV-2 (D. Conn.) (Judgment, July 20, 1993). The federal jury found that the defendants had probable cause to arrest and prosecute the plaintiff and, therefore, judgment for the defendants was entered.
The defendants, except Lupone, have moved for summary judgment in the present action on October 8, 1993 and amended the motion on December 1, 1993. Pursuant to Practice Book 380, the defendants filed memoranda in support of their motion. The plaintiff timely filed memoranda in opposition to the motion.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279. Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connelly v. Housing Authority, 213 Conn. 354,364. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317.
The defendants move for summary judgment on the ground that res judicata and collateral estoppel bar the plaintiff's claims. The defendants also argue that counts two and nine are barred by the statute of limitations. Finally, the defendants argue that they are qualifiedly immune from suit. The plaintiff argues that the issues raised in the federal action are different than the issues raised in the present action. The plaintiff also argues that the claims involve a "continuing wrong" and, therefore, they are not barred by the statute of limitations. Finally, the plaintiff argues that the defendants are not immune because they maliciously arrested the plaintiff.
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." State v. Ellis, 197 Conn. 436,462-63, quoting State v. Aillon, 189 Conn. 416, 423, CT Page 4150456 A.2d 279, cert. denied, 464 U.S. 837, 104 S.Ct. 124, 78 L.Ed.2d 122
(1983).
Collateral estoppel is "that aspect of the doctrine of res judicata which serves to estop the relitigation by parties and their privies of any right, fact or legal matter which is put in issue and has been once determined by a valid and final judgment of a court of competent jurisdiction." (Internal quotation marks omitted; citations omitted.) State v. Fritz, 204 Conn. 156, 172.
"Issue preclusion applies if `an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment. . . .'" (Citation omitted.) Scalzo v. Danbury, 224 Conn. 124, 128-29. "`To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding.'" Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 297, quoting State v. Hope,215 Conn. 570, 584, cert. denied, ___ U.S. ___, 111 S.Ct. 968,112 L.Ed.2d 1054 (1991). "In [State v.] Ellis, the court questioned the continued viability of distinguishing between claim and issue preclusion and suggested that the ultimate inquiry, as to both concepts, should be to ask whether the party had an `adequate opportunity to litigate the matter in the earlier proceeding. . . .' (Emphasis in original.) Morganti, Inc. v. Boehringer Ingelheim Pharmaceuticals, Inc., 20 Conn. App. 67, 72.
In the present case, the federal jury determined that the defendant police officers had probable cause to arrest and prosecute the plaintiff. The jury found that the police officers had either made false statements or omitted facts in their affidavits for the arrest warrant, but nevertheless found that these statements or omissions were not material to the finding of probable cause. The plaintiff agrees with the defendants that since probable cause has been determined, he cannot proceed on his claims for false arrest, malicious prosecution, and negligent supervision. Therefore, the parties agree that summary judgment should be rendered on counts three, four and eleven.
The plaintiff argues, however, that the determination of probable cause does not preclude his other claims. The plaintiff argues that the federal jury, in finding probable cause, did not necessarily determine that the manner in which the investigation, arrest, and prosecution were conducted was reasonable. The defendants argue that all of the present claims "depend upon CT Page 4151 factual allegations that the defendants investigated him knowing he was innocent, and had him arrested and prosecuted without probable cause." The plaintiff alleges in support of the remaining claims that the defendants, despite their actual knowledge of the plaintiff's innocence, ignored and withheld exculpatory evidence; submitted false statements in support of the arrest warrant; and investigated, arrested and caused his prosecution. All of the remaining counts are based on the allegations that the defendants knew the plaintiff was innocent, but nevertheless investigated, arrested and prosecuted him. Since the federal jury determined that the defendants had probable cause to arrest and prosecute the plaintiff and that any false statements or omissions were immaterial, the jury necessarily determined that the defendants did not have actual knowledge of the plaintiff's innocence. The factual allegations underlying the present claims are the same factual allegations presented to the federal jury and were litigated and determined in the federal action. Res judicata and collateral estoppel bars the present action. It is unnecessary to discuss the defendants' remaining arguments of the parties.
Accordingly, the motion for summary judgment is granted.
Ronald J. Fracasse, Judge