[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
Presently before the court is the motion for summary judgment filed by ten of the present defendants.
The plaintiffs, James and Rosemary Mascia, filed an amended thirteen-count complaint on March 9, 1994 against the defendants, Joanne Faulkner, Martin Dillon, William Dowd, Billy McLaurin, Eleanor Savage, Alphonse Nazario, David Rodrigues, Gail Peyton, Gregory Johnston, Jay Brumberg, and Thurmon Mewborn. All of the defendants, except defendant Faulkner, filed the present motion for summary judgment. The plaintiffs allege the following facts. Joanne Faulkner is an attorney who represented the ten other present defendants in a federal action against the plaintiffs. The federal district court determined that the present plaintiffs had violated the Connecticut Unfair Trade Practices Act (CUTPA), CT Page 4609 General Statutes § 42-110b et seq., and granted the present defendants' motion for summary judgment. The present defendants obtained a $142,000 judgment against the present plaintiffs.
In count one, the plaintiffs allege that the defendants knowingly submitted false and misleading statements to the federal district court in order to obtain the judgment. In count two, which is directly solely to defendant Faulkner, the plaintiffs allege subornation of perjury. In count three, the plaintiffs allege fraud on the federal court. In count four, the plaintiffs allege fraud on the Connecticut Department of Banking. In count five, which is directly solely to defendant Faulkner, the plaintiffs allege violations of CUTPA. In count six, the plaintiffs allege conspiracy to commit fraud on the federal court. In count seven, the plaintiffs allege conspiracy to commit fraud on the Connecticut Department of Banking. In count eight, the plaintiffs allege negligent infliction of emotional distress. In count nine, the plaintiffs allege intentional infliction of emotional distress. In count ten, the plaintiffs allege libel. In count eleven, the plaintiffs allege slander. In count twelve, the plaintiffs allege tortious interference. In count thirteen, the plaintiffs allege abuse of process.
On February 28, 1994, the non-lawyer defendants moved for summary judgment on the entire complaint. Pursuant to Practice Book § 380, the defendants filed a memorandum in support of the motion. The plaintiffs timely filed a memorandum in opposition to the motion. The plaintiffs attached affidavits and certified copies of excerpts from the federal court decision.
At oral argument, the plaintiffs conceded that the motion for summary judgment should be granted as to counts three, four, seven, eight, ten, eleven, and twelve. Also, the defendant Faulkner is not a party to the present motion and, therefore, counts two and five, which are directed solely toward her, are not at issue. Consequently, this memorandum is directed only to counts one, six, nine, and thirteen.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." [Wilson v. New Haven], 213 Conn. 277, 279. Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." [Connelly v. Housing Authority], 213 Conn. 354, CT Page 4610 364. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." [Strada v. Connecticut Newspapers, Inc.], 193 Conn. 313,317.
"It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. . . . It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised." (Citations omitted; internal quotation marks omitted.) [Miller v.Bourgoin], 28 Conn. App. 491, 497-98.
"Collateral estoppel, like res judicata, must be specifically pleaded by a defendant as an affirmative defense." [Carnese v.Middletown], 27 Conn. App. 530, 537; Practice Book § 164; [Chomko v.Patmon], 20 Conn. App. 159, 162. However, "[t]he defendants' failure to file a special defense may be treated as waived where the plaintiff fails to make appropriate objection to the evidence and argument offered in support of that defense." (Citations omitted.) [Carnese v. Middletown], supra.
In the present case, the defendants have moved for summary judgment on the ground that the principles of res judicata and collateral estoppel bar the plaintiffs' claims. The defendants, have not specially pleaded res judicata or collateral estoppel as special defenses. Since the plaintiffs failed to object to the defenses on this ground, the plaintiffs have waived this requirement.
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." [State v. Ellis], 197 Conn. 436,462-63, quoting [State v. Aillon], 189 Conn. 416, 423, cert. denied, 464 U.S. 837, 104 S.Ct. 124, 78 L.Ed.2d 122 (1983).
 Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same CT Page 4611 parties upon a different claim. For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . . An issue is "actually litigated" if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered.
(Emphasis in original; citations omitted; internal quotation marks omitted.) [Jackson v. R.G. Whipple, Inc.], 225 Conn. 705, 714. "In [[State v.] Ellis], the court questioned the continued viability of distinguishing between claim and issue preclusion and suggested that the ultimate inquiry, as to both concepts, should be to ask whether the party had an `adequate opportunity to litigate the matter in the earlier proceeding. . . .' (Emphasis in original.) [Morganti, Inc. v. Boehringer Ingelheim Pharmaceutical, Inc.],20 Conn. App. 67, 72. In the present case, the federal action involved a claim for CUTPA violations in connection with a "pyramid sale scheme." In the federal action, the court determined that the present plaintiffs had violated CUTPA and granted the present defendants' motion for summary judgment. In opposition to that motion for summary judgment, the present plaintiffs raised the issue of perjured affidavits, which is the basis for the present claims. Plaintiffs had an adequate opportunity to litigate all such issues in the earlier proceeding. Therefore, res judicata principles bar the present plaintiffs' claims as to counts one, six, and nine.
"A claim that an action is barred by the lapse of a statute of limitations must be pleaded by a special defense." [MidstateElectronics Co. v. Nova Electronics], 10 Conn. L. Rptr. 349, 353 (November 12, 1993, Fracasse, J.), citing [Forbes v. Ballaro],31 Conn. App. 235, 239; [Mac's Car City, Inc. v. DeNigris],18 Conn. App. 525, 528, 559; Practice Book § 164. "The rules of practice in Connecticut no longer require that the pleadings be closed before a party may move for summary judgment." [Engman v. Laschever],9 Conn. L. Rptr. 312 (June 28, 1993, Hennessey, J.), citing Practice Book § 379 (amended October 1, 1992). Nevertheless, "a statute of limitations defense must be specially pleaded before it may be raised as a basis for a summary judgment motion." Id., 313. CT Page 4612
In the present case, the defendants have moved for summary judgment on the ground that the plaintiffs' claims are barred by the statute of limitations. The defendants, however, have not filed an answer and special defenses in response to the plaintiff's complaint. Since the defendants have failed to specially plead the statute of limitations as a special defense, they may not rely on this defense as a basis for their motion for summary judgment.
"It has long been established that there is an absolute privilege for statements made in judicial proceedings." (Citations omitted.) [Petyan v. Ellis], 200 Conn. 243, 245.
"`[C]ommunications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy.'" Id., 246, quoting [Circus Circus Hotels, Inc. v. Witherspoon], 99 Nev. 56,60, 657 P.2d 101 (1983). The privilege applies to affidavits submitted in relation to the judicial proceeding. See [Kelley v.Bonney], 221 Conn. 549, 565-66; W. Prosser W. Keeton, Torts, (5th Ed. 1984), § 114, p. 817. "Witnesses and parties to judicial proceedings must be permitted to speak freely, without subjecting their statements and intentions to later scrutiny by an indignant jury, if the judicial process is to function." (Citation omitted.) [DeLaurentis v. New Haven], 220 Conn. 225, 264.
 Parties and counsel who abuse the process by bringing unfounded actions for personal motives are subject to civil liability for vexatious suit or abuse of process. Their statements in pleadings or in court, however, cannot independently be made the basis for an action in libel . . . or . . . intentional infliction of emotional distress.
Id. "Thus, whether or not a party is liable for `vexatious suit' in bringing an unfounded and malicious action, he is not liable for the words used in the pleadings and documents used to prosecute the suit." Id. The absolute privilege for statements made in judicial proceedings, therefore, does not insulate parties from suits for vexatious suit or abuse of process. See id., 263-64; [Mozzochi v.Beck], 204 Conn. 490, 495.
In order to establish a cause of action for vexatious suit, the plaintiff must "prove want of probable cause, malice and a CT Page 4613 termination of suit in the plaintiff's favor." [DeLaurentis v. NewHaven], supra, 248. In order to establish a cause of action for abuse of process, the plaintiff must "point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation." [Mozzochi v. Beck], supra, 497.
 An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process . . . the gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . .
(Emphasis in original; citations omitted; internal quotation marks omitted.) Id., 494. "Abuse of process is not an undefined cause of action; the fact that there existed `an incidental motive of spite or an ulterior purpose of benefit to the defendant' is not sufficient to constitute a cause of action for abuse of process." [Jackson v. R.G. Whipple, Inc.], supra, 720, quoting [Mozzochi v.Beck], supra, 494.
In the present case, the plaintiffs' claims in count one, six, and nine are based on perjured statements made in connection with a judicial proceeding. The plaintiffs allege that the defendants used perjured affidavits to obtain the federal court judgment. The plaintiffs allege that the federal district court granted the defendants' motion for summary judgment and subsequent appeals were unsuccessful. The plaintiffs' claims in counts one, six, and nine are not based on vexatious litigation or abuse of process. Therefore, since the statements in the federal action are absolutely privileged, the motion for summary judgment on counts one, six, and nine should be granted as to the ten non-lawyer defendants.
The plaintiffs, however, do allege abuse of process in count thirteen. The plaintiffs allege that the defendants used the federal litigation "to destroy or jeopardize the Mascias' careers, livelihood and recovery in other litigation . . . ." The plaintiffs CT Page 4614 allege further that the defendants were motivated by "personal revenge and vindictiveness against the Mascias" and those motives were "not intended to enhance the possibilities of financial recovery of their alleged losses." Plaintiffs have alleged sufficient facts to raise a cause of action for abuse of process. Questions of fact exist as to whether the defendants intended to use the federal action primarily for other purposes. Since the absolute privilege for statements made during judicial proceedings does not apply to abuse of process actions and there exists genuine issues of material fact, the motion for summary judgment on count thirteen should be denied as to the ten non-lawyer defendants.
Res judicata principles bar counts one, six and nine of the present action since the plaintiffs had an adequate opportunity to litigate the claims in the federal action. The motion should also be granted as to counts one, six, and nine since statements made in a judicial proceeding are absolutely privileged. However, the privilege does not apply to abuse of process action and, therefore, the motion for summary judgment on count thirteen should be denied.
Accordingly, the motion is granted as to counts one, three, four, six, seven, eight, nine, ten, eleven, and twelve and the motion is denied as to the count thirteen.
Ronald J. Fracasse, Judge