AFSCME, COUNCIL 4, LOCALS 387, 391 AND 1565, AFL-CIO *v.* DEPARTMENT OF CORRECTION ET AL.*

Superior Court      Judicial District of      File No. 96-0561601
Hartford-New Britain at Hartford

Memorandum filed May 1, 1997

_____

* Affirmed. *AFSCME, Council 4, Locals 387, 391 & 1565, AFL-CIO* v. *Dept. of Correction*, 48 Conn. App. 783, 710 A.2d 1392 (1998).

*Gagne & Associates, P.C.*, for the plaintiff.

*Richard A. Sponzo*, assistant attorney general, with whom was *Richard Blumenthal*, attorney general, for the named defendant.

*Joseph Celentano*, general counsel, for the defendant board of labor relations.

MCWEENY, J. In this action, the plaintiff is a labor union that represents employees of the department of correction (department). The union brought, pursuant to General Statutes § 5-272 of the State Employee Relations Act, General Statutes §§ 5-270 through 5-280, a prohibited practice complaint against the department. The complaint was filed with the defendant state board of labor relations (labor board) under authority of General Statutes § 5-274. The labor board, in a decision of May 9, 1996, dismissed the complaint on the basis of the doctrine of res judicata.

The union filed a timely appeal of the labor board dismissal on June 17, 1996. The appeal was brought pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-183 et seq. The record was filed on August 8, 1996. The briefs were filed by the union on October 15, 1996, by the department on January 24, 1997, and by the labor board on February 11, 1997. The parties were heard at oral argument on April 29, 1995.

The dispute between the union and the department relates to the department policy directive 2.11 entitled, "Employee Dependability." That directive was issued on July 30, 1990, and effective on September 4, 1990. It was aimed at the use of sick leave and required supervisors to monitor employee sick leave. Sick leave usage could result in counseling and investigation.

On August 10, 1990, the union had filed with the labor board a prohibitive practice complaint against the

department. The complaint alleged that directive 2.11 evidenced a failure to bargain in good faith and a unilateral change in attendance policy.

The August 1990 complaint (SPP-13, 134) was heard by the labor board on May 19, June 2, and July 13, 1992. The parties appeared, were represented, and were given full opportunity to adduce evidence, to examine and to cross-examine witnesses and to make argument. The parties filed briefs, the last of which was received on September 14, 1992. The labor board ultimately dismissed the union's complaint in a decision dated December 30, 1993 (Decision No. 3170).

On May 15, 1995, the union once again filed a prohibited practice complaint with the labor board against the department, challenging directive 2.11. The May 15, 1995 complaint was brought before the labor board for a hearing on February 29, 1996, at which time the department moved to dismiss on the basis of the doctrine of res judicata. In a May 9, 1996 decision, the labor board dismissed the complaint holding: "In conclusion, the present case (SPP-17, 272) is identical to the issue raised in Case No. SPP-13, 134 and decided by Decision No. 3170; i.e., the implementation of Directive 2.11. The parties are also identical. Under the principles of res judicata, our decision in the Case No. SPP-13, 134, Decision No. 3170, is a bar with respect to any claims relating to the complaints that were actually made or which might have been made. Accordingly, we grant the [department's] motion to dismiss."

A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides in pertinent part that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that

substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ." To obtain reversal of an agency's decision, a plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." *Jutkowitz* v. *Dept. of Health Services*, 220 Conn. 86, 94, 596 A.2d 374 (1991).

Furthermore, "[j]udicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, 219 Conn. 51, 57–58, 519 A.2d 1231 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." (Internal quotation marks omitted.) Id., 57. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." *Hospital of St. Raphael* v. *Commission on Hospitals & Health Care*, 182 Conn. 314, 318, 438 A.2d 103 (1980).

"Judicial review of [an administrative agency's] action is governed by the [UAPA], and the scope of that review is very restricted. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations omitted; internal quotation marks omitted.) *Board of Education* v. *Freedom of Information Commission*, 208 Conn. 442, 452, 545 A.2d 1064 (1988).

Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." *United Parcel Service, Inc.* v. *Administrator, Unemployment Compensation Act*, 209 Conn. 381, 385–86, 551 A.2d 724 (1988).

The doctrine of res judicata provides that a final judgment on the merits is conclusive of causes of action and facts or issues litigated as to the parties. If the same cause of action is again sued upon, the prior judgment is a bar to any claims relating to the cause of action that were litigated or could have been litigated in the earlier action. *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582, 589, 674 A.2d 1290 (1996); *Connecticut Water Co.* v. *Beausoleil*, 204 Conn. 38, 43, 526 A.2d 1329 (1987); *Wade's Dairy, Inc.* v. *Fairfield*, 181 Conn. 556, 559, 436 A.2d 24 (1980); *Morgante, Inc.* v. *Boehringer Ingelheim Pharmaceuticals, Inc.*, 20 Conn. App. 67, 72, 563 A.2d 1055 (1989).

A valid and final judgment of an administrative agency has the same effects under the doctrine as a court judgment. *United States* v. *Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S. Ct. 1545, 16 L. Ed. 2d 642 (1966); *Carothers* v. *Capozziello*, 215 Conn. 82, 94, 574 A.2d 1268 (1990).

If the issues raised in the May, 1995 complaint concerning directive 2.11 were litigated or could have been litigated in the earlier 2.11 case, then the complaint was properly dismissed.

The union asserts that in the first case it challenged the issuance of the 2.11 directive and, in the second case, its actual implementation.[1] The record reveals that the parties litigated the implementation issue in the earlier case. The case was heard in May, June and July, 1992, and addressed a policy in effect since September, 1990. There was substantial evidence in the transcript of the hearings describing implementation.

The 1993 decision (Decision No. 3170) in its discussion of the issue expressly characterizes it as the implementation of 2.11: "In this case, the union claims that the state unilaterally implemented a policy which substantially affects the rights of employees with regard to sick leave." It goes on to note: "In fact, both the state's and union's testimony establishes that the state is not requiring the employees to provide medical certificates."

The union in its May 15, 1995 complaint accuses the department of "[v]iolating several arbitration awards which supported the pre-directive 2.11 policy of sick leave use." This despite the specific language of Decision No. 3170 concerning directive 2.11 that "[i]t does not in anyway alter the previous arbitration awards or the sick leave provision of the contract."

The department is not required to relitigate the same issues and facts relative to implementing directive 2.11. This is precisely what the doctrine of res judicata is designed to avoid.

The appeal is dismissed.

---

[1] This may be a distinction without a difference, as the implementation is what is essentially challenged in a prohibited practice or unfair labor practice complaint. *Fibreboard Paper Products Corp.* v. *National Labor Relations Board*, 379 U.S. 203, 85 S. Ct. 398, 13 L. Ed. 2d 233 (1964).