[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action the Plaintiff is a labor union which represents employees of the State of Connecticut Department of Corrections (hereinafter "DOC"). The union brought, pursuant to General Statutes § 5-272, a prohibited practice complaint (State Employee's Relations Acts) against the DOC. CT Page 5768 The complaint was filed with the respondent Connecticut State Board of Labor Relations (hereinafter "labor board") under authority of General Statutes § 5-274. The labor board in a decision of May 9, 1996, dismissed the complaint on the basis of the doctrine of res judicata.
The Plaintiff filed a timely appeal of the labor board dismissal on June 17, 1996. The appeal was brought pursuant to the Uniform Administrative Procedures Act (UAPA), General Statutes § 4-183. The record was filed on August 8, 1996. The briefs were filed by the union on October 15, 1996, the DOC on January 24, 1997, and the labor board on February 11, 1997. The parties were heard at oral argument on April 29, 1995.
The dispute between the union and employer relate to the DOC policy Directive 2.11 entitled "Employee Dependability." This directive was issued July 30, 1990, and effective on September 4, 1990. This policy was aimed at the use of sick leave and required supervisors to monitor employee sick leave. Sick leave usage could result in counseling and investigation.
The Plaintiff union, on August 10, 1990, filed a prohibitive practice against the DOC, with the labor board. The complaint alleged that Directive 2.11 evidenced a failure to bargain in good faith and a unilateral change in attendance policy.
The August 1990 complaint (SPP, 13, 134) was heard by the labor board on May 19, June 2, and July 13, 1992. The parties appeared, were represented, and were given full opportunity to adduce evidence, examine and cross-examine witnesses and make argument. The parties filed briefs, the last of which was received on September 14, 1992. The labor board ultimately dismissed the union's complaint by its Decision No. 3170, dated December 30, 1993.
The Plaintiff union filed, on May 15, 1995, a prohibited practice complaint against the DOC, with the labor board, once again challenging Directive 2.11.
The May 15, 1995 complaint was brought before the labor board for a hearing on February 29, 1996, at which time the DOC moved to dismiss on the basis of the doctrine of res CT Page 5769 judicata. In a May 9, 1996, decision the labor board dismissed the complaint holding:
 In conclusion, the present case (SPP-17, 272) is identical to the issue raised in Case No. SPP 13, 134 and decided by Decision No. 3170; i.e., the implementation of Directive 2.11. The parties are also identical. Under the principles of res judicata, our decision in the case No. SPP 13, 134, Decision No. 3170 is a bar with respect to any claims relating to the complaints that were actually made or which might have been made. Accordingly, we grant the State's motion to dismiss.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v.Department of Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public Utility Control, 219 Conn. 51,57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980). CT Page 5770
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board ofEducation v. Freedom of Information Commission,208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion."United Parcel Service, Inc. v. Administrator, UnemploymentCompensation Act, 209 Conn. 381, 385 (1988).
The doctrine of res judicata provides that a final judgment on the merits is conclusive of causes of action and facts or issues litigated as to the parties. If the same cause of action is again sued upon, the prior judgment is a bar to any claims relating to the cause of action which were litigated or could have been litigated in the earlier action. Delahunty v. Massachusetts Mutual Insurance Co.,236 Conn. 582, 589 (1996); Connecticut Water Co. v.Beausoleil, 204 Conn. 38, 43 (1987); Wade's Dairy, Inc. v.Fairfield, 181 Conn. 556, 559 (1986); and Morgante, Inc. v.Boehringer Ingelheim Pharmaceuticals, Inc.,20 Conn. App. 67, 72 (1989).
A valid and final judgment of an administrative agency has the same effects under the doctrine as a court judgment.U.S. v. Utah Construction Mining Co., 384 U.S. 394, 422
(1966); Carothers v. Capozzielle, 215 Conn. 82, 94 (1990).
If the issues raised in the May 1995, complaint CT Page 5771 concerning Directive 2.11 were litigated or could have been litigated in the earlier 2.11 case, then the complaint was properly dismissed.
The union asserts that in the first case it challenged the issuance of the 2.11 Directive; and in the second case its actual implementation.[1]
The Record reveals that the parties litigated the implementation issue in the earlier case. The case was heard in May, June and July of 1992 and addressed a policy in effect since September of 1990. There was substantial evidence in the transcript of the hearings describing implementation. (R. Transcript of July 13, 1992 testimony of Michael Bard, pp. 10-14, 37-39, Transcript May 19, 1992 testimony of Michael Minney pp. 68-69.)
The 1993 decision (No. 3170) in its discussion of the issue expressly characterizes it as the implementation of 2.11.:
 In this case, the Union claims that the State unilaterally implemented a policy which substantially affects the rights of employees with regard to sick leave.
(Dec. No. 3170 p. 3.)
It goes on to note that:
 In fact, both the State's and Union's testimony establishes that the State is not requiring the employees to provide medical certificates.
(Dec. No. 3170 p. 7.)
The union in its May 15, 1995 complaint accuses the DOC of "5. Violating several arbitration awards which supported the pre-Directive 2.11 policy of sick leave use." This despite the specific language of Dec. No. 3170 concerning Directive 2.11 that "It does not in anyway alter the previous arbitration awards or the sick leave provision of the contract."
The DOC is not required to relitigate the same issues CT Page 5772 and facts relative to implementing Directive 2.11. This is precisely what the doctrine of res judicata is designed to avoid.
The appeal is dismissed.
Robert F. McWeeny, J.