[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON ARBITRATION ISSUES
On October 20, 1992, the State of Connecticut commenced an arbitration proceeding against Saturn Construction Co., Inc. ("Saturn") relative to a construction contract dated October 24, 1989 for a prison facility in Newtown, Connecticut. After the arbitration had commenced, the State, on January 16, 1996 filed an action (CV96-0556963-S) seeking a ruling on the scope and applicability of the arbitration and further requesting that certain claims of Saturn be precluded. Thereafter the arbitration was concluded and an award issued on January 29, 1997, which Saturn seeks to confirm in a separate action (CV97-0567867) in which various motions are pending including a motion by the State to modify or vacate the arbitration award. The two actions were consolidated on May 19, 1997 and by written agreement of the parties dated July 11, 1997, the issues of arbitrability were submitted to this court for adjudication, with the issues relating to the arbitration award postponed for a subsequent adjudication. A hearing on the issues of arbitrability were held on August 20 and 21, 1997 with certain facts stipulated and certain documents admitted into evidence.
— I —
In its amended complaint and brief and in oral argument the CT Page 13062 State has made the following claims relating to non-arbitrability.
(1) That certain claims by Saturn for extra work (6, 7, 9, 10, 11, 22, 29, 30 and 31A) were not arbitrable because Saturn failed to give timely notice under the contract.
(2) That certain change order claims presented by Saturn (change orders 55, 20, 53, 22, 46, 10, 45 and 54) were not arbitrable because Saturn accepted payments tendered by the State in full payment and therefore there was accord and satisfaction.
(3) That virtually all the claims by Saturn required consideration of contract unit prices where applicable or the actual net cost to Saturn for which Saturn was unable to produce any evidence but, instead, submitted only quantity takeoffs and other estimations.
Early in the hearing it was stipulated that with respect to the claims described in (1). that no notice was given by Saturn under the contract.
— II —
The arbitration provision in the construction contract appears in Paragraph 11 of the Notice to Bidders section and reads as follows:
 Any dispute arising out of the awarding of the contract for this project by the Commissioner of Administrative Services, or performance thereunder, shall be submitted to arbitration under the rules of the American Arbitration Association. Hartford, Connecticut shall be the locale where the arbitration is to be held.
Two rulings have been made in these proceedings which help define the parameters of the arbitration provision in the contract.
In CV97-0567867, supra, Saturn filed a motion to dismiss the State's action on the ground that the court lacked subject matter jurisdiction because the issues of arbitrability raised in that complaint were for the arbitrators, rather than this court, to decide. Judge Aurigemma denied the motion to dismiss in a CT Page 13063 memorandum of decision dated April 10, 1996, holding that the arbitration provision in the contract was controlling, rather than the broader provisions of General Statutes § 4-61 (e), and the contract provision was not sufficiently broad to permit the arbitrators to determine the issues of arbitrability.
In an earlier proceeding between the parties in this case, Saturn instituted an action on October 14, 1993 in Superior Court asking the court to determine whether two of the State's claims for relief in arbitration were barred by a liquidated damages clause in the contract. (Saturn Construction Company, Inc. v.State of Connecticut, CV93 0704690). In a lengthy opinion dated October 17, 1994, Judge Sheldon determined that the arbitration clause in the contract controlled the scope of the arbitration and since the recovery of inter-contractor delay damages were not restricted by the liquidated damages clause, there was no bar to arbitration, but since a second category, contract extension costs, fell within the purview of the liquidated damages clause, the State could not submit these claims for arbitration.
— III —
The State claims that because Saturn failed to submit notice in writing within seven calendar days after the occurrence of the events giving rise to them, as required by Article 13, paragraph 7 of the General Conditions of the contract, certain claims enumerated under (1). were invalid and therefore not arbitrable. As indicated, Saturn admits it did not provide such notice in writing and article 13, paragraph 7 provides that "No such claim shall be valid unless the notice is in writing.
The question of whether the nonfulfillment of a notice provision bars a claim is essentially one that goes to the overall merits. See Lane v. Aetna Casualty Surety Co.,203 Conn. 258, 266 (1987); Oliva v. Aetna Casualty Surety Co.,181 Conn. 37, 41 (1980). The claim of invalid notice is ordinarily raised as a defense to a claim for extra work and is not necessarily a bar to arbitration, because such claims could be honored if the work was specifically authorized by the State or the State had actual or constructive notice of the work performed. Our Supreme Court has recognized that "balancing the equities" is required when a claim for extra work based on unjust enrichment is met by a claim of invalid notice under the contractCecio Bros. Inc. v. Greenwich, 156 Conn. 561 (1968). That decision also recognized that the claim of invalid notice could CT Page 13064 be refuted by an implied contract or circumstances under which a reasonable person should have known that the contractor expected payment for the work. Furthermore contract requirements for notice of extra work may be waived in a variety of circumstances. Williston on Contracts, Third Ed., Jaeger § 1459A, vol. 12, pp. 104-05. The State has not cited any authority for its claim that the whole category of extra work claims was not arbitrable, or that lack of notice required by the contract makes a claim for extra work so conclusively invalid as to make the claim for such extra work non-arbitrable.
Connecticut courts have long favored arbitration and a close issue of arbitrability must be decided in favor of arbitrability unless the court can find with positive assurance that the issue was not covered by the arbitration provision of the agreement.Board of Education v. Frey, 174 Conn. 578, 582 (1978) see Domke,Commercial Arbitration (Rev. Ed. 1996) §§ 12.03, 12.04.
Arbitration clauses similar to that governing this contract (Paragraph 11 of the Notice to Bidders, supra) have been found to be "broad and all encompassing." Morganti Inc. v. BoehringerIngelheim Pharmaceuticals, Inc., 20 Conn. App. 67, 69 (1989) and as "unrestricted" because there was no express language restricting the breadth of issues Garrity v. McCaskey,223 Conn. 1, 5 (1992). See also International Marine v. Stauff,44 Conn. App. 664, 668-69 (1997).
These claims raised by Saturn are not barred from arbitration simply because the notice provisions of the contract were not complied with, since they fall fairly within the arbitration clause in the contract and nothing in Article 13 of the contract entitled "Compensation for extra work" makes them non-arbitrable.
— IV —
The State claims Saturn was precluded from arbitrating its claims for certain extra work in (2) above because it accepted payments by the State directed to such extra work and, since there was accord and satisfaction, these claims were not arbitrable. Ordinarily, the issue of accord and satisfaction is for the arbitrator to decide. Skidmore, Owings Merrill v. Conn.Gen. Life Ins. Co., 25 Conn. Sup. 76, 88 (1963). The evidence produced at the hearing demonstrated that while certain checks relating to these claims were tendered and cashed, the circumstances revealed no clear intention to dispose of these CT Page 13065 claims by the relatively small payments tendered. In many instances, work was done at the request of the state before the issuance of a change order as required by the contract or before the issuance of a written proposal by Saturn and in other situations work had not been completed on particular items so that complete bills could not be presented until later. In no case was it clearly indicated that a check was intended to be payment in full for a disputed amount and Saturn never signed any of the change orders which contained language "The above is acceptable and according to your proposals." In several cases Saturn sent written notice preserving its rights after depositing checks. Accord and satisfaction like lack of notice, is a special defense which can be raised in an arbitration proceeding, but hardly qualifies as a conclusive solution to a threshold issue so as to make the claims involved not arbitrable.
— V —
In its brief the State argues that the contract required claims for extra work to be limited to actual costs plus contract profit and overhead and because Saturn has failed to submit to the arbitration panel documentation for over twenty claims, these claim are not arbitrable. The State in emphasizing the lack of adequate documentation discusses various scenarios ranging from "spoilation of evidence" to total invalidity of claims filed without such supporting data. But these arguments do not raise serious questions of arbitrability; rather they raise questions which seem to be particularly amenable to the arbitration procedure. No specific language in the contract has been cited which would make these claims non-arbitrable.
The court notes, without relying thereon, that although the State reserved its rights on all these questions of arbitrability, the arbitration panel considered all these disputed issues as arbitrable and acted accordingly.
It is concluded that the issues raised were all arbitrable by the panel.
Jerry Wagner Judge Trial Referee